REYNOLDS for the use of HAINES and Others *v.* STEVENSON.

| 4 | 619 |
|136|161|
| 4 | 619 |
|144|187|

The making of a promissory note on *Sunday* is common labor within the
meaning of s. 123, c. 53, R. S. 1843.

ERROR to the *Wayne* Circuit Court.                    *Saturday,*
                                                        *December* 31.
DAVISON, J.—Debt by the plaintiff in error against the
defendant on a promissory note. The note is dated the
1st of *April*, 1850. The defendant pleaded two pleas.
1. *Nil Debet.* 2. that the said note was not made and
executed on the day the same bears date; but it was
made, executed and delivered on the 31st of *March*, 1850,
which last-mentioned day was the first day of the week,
commonly called *Sunday;* wherefore the said note was
void. Demurrer to the second plea overruled.

A statute in force when this note was given provides
that " if any person," &c., " shall be found on the first day
of the week, commonly called *Sunday*, rioting," &c., "or at
common labor, works of charity and necessity only ex-

cepted, such person shall be fined," &c. There is a proviso to the statute, but it has no bearing in this case. R. S. 1843, c. 53, s. 123.

It is admitted that the note in question was made on *Sunday*. Then the record presents this question; Did the making of it constitute an act of "common labor?" We think the statute intended to prohibit every description of secular business not within the exceptions pointed out by itself. The executing of this note was secular business, and not embraced by the exceptions. This view is sustained by various adjudications made upon statutes, the provisions of which are, in effect, the same as ours. *Allen* v. *Deming*, 14 N. H. 133.—*Towle* v. *Larrabee*, 26 Maine 464. —*Adams* v. *Hamel*, 2 Doug. (Mich.) 73. In *Link* v. *Clemmens*, 7 Blackf. 479, it was held "that a replevin bond executed on *Sunday* was void." This authority is decisive of the case before us. The note, no doubt, was made in violation of the statute. Therefore it must be considered a nullity.

*Per Curiam.*—The judgment is affirmed with costs.

*T. Means*, for the plaintiff.