## DAVIS v. BARGER.

CONTRACT.—*Sunday.*—*Common Law.*—Contracts made on Sunday in this State are void, not at common law, but because they are in violation of a penal statute of this State.

SAME.—*Promissory Note.*—*Pleading.*—To an action by the payee, against the maker, on a promissory note, an answer, alleging the signing and delivery of the same, on Sunday, to a third person or to a co-maker, and averring it to be therefore void, is sufficient.

SAME.—*Principal and Agent.*—*Implied Authority.*—Such signing and delivery on Sunday carry with it no implied authority to the person to whom it is entrusted, to deliver the same to the payee.

SAME.—*Express Authority.*—Such signing and delivery on Sunday render the instrument void, though then entrusted to another with instructions to deliver it to the payee on a business day.

From the Bartholomew Circuit Court.

*W. R. Keyes, W. W. Herrod* and *F. Winter,* for appellant.

*W. F. Norton,* for appellee.

BIDDLE, J.—Complaint on a promissory note, by James S. Barger, the payee, against Jacob Davis and Joel S. Davis, makers.

Jacob Davis, the principal in the note, suffered a default.

Joel S. Davis, the surety of Jacob Davis, answered:

First. "For separate answer herein, the defendant Joel S. Davis says he did not execute the note in suit on the 25th of December, 1873, the day it bears date, but that he signed said note and delivered the same to one John Davis, on the — day of ————, 187 , which said day was the first day of the week, commonly called Sunday, and not on any other or different day, and he says such signing and delivery were the only acts done by him at any time in the execution of said note."

Third. "For further separate answer, said defendant says he did not execute the note in suit on the 25th day of December, 1873, the day it bears date, but that he signed said note and delivered the same to his codefendant, Jacob Davis, on the — day of ————, 187 , which said day was the first day of the week, commonly called Sunday, and not on any other or different day, and he says such signing and delivery were the only acts done by him, at any time, in the execution of said note."

These paragraphs of answer were each held insufficient, on separate demurrers, alleging as ground the insufficiency of the facts stated, and the rulings on these demurrers present the only questions in the case.

Contracts made on Sunday are void, not at the common law, but because they are against a penal statute. *Perkins* v. *Jones,* 26 Ind. 499; *Reynolds* v. *Stevenson,* 4 Ind. 619; *Link* v. *Clemmens,* 7 Blackf. 479.

We think the court erred, in holding the separate paragraphs of answer by Joel S. Davis insufficient. The signing and delivery of the note by Joel S. Davis to a third person, or to a co-maker, did not make the contract

as to him.   It required a delivery to the payee to complete the execution of the note.   The facts set up in each paragraph of Joel S. Davis' answer show that no such delivery was ever made by him, or with his consent.   It can not be said that the delivery of the note by Joel S. Davis to a third person, or to a co-maker, on Sunday, carried with it the implied authority that such third person or co-maker might deliver it to the payee, as, perhaps, it would if so delivered on a business day, because, if Joel S. Davis had so delivered the note to a third person, or to a co-maker, on Sunday, with the express authority to deliver it to the payee on a business day, the act, having been done on Sunday, would have been void.   Where an express authority is insufficient to authorize an act, no implied authority can arise.

The judgment against Joel S. Davis is reversed, at the costs of the appellee, and the cause remanded, with instructions to overrule the demurrers to the separate paragraphs of the answer of Joel S. Davis, and for further proceedings.