CATLETT *v*. THE TRUSTEES OF THE M. E. CHURCH OF SWEETSER STATION.

CONTRACT.—*Church Subscription, made on Sunday.* —*Ratification.*— *Evidence.* —A subscription to a church, made on Sunday, is void; and a mere subsequent acknowledgment of the making of such subscription, accompanied by a declaration of an intention to pay the same, but supported by no consideration, is not a ratification binding the subscriber.

SAME.—*Verbal Promise to Pay Debt of Another.*—*Statute of Frauds.*—A verbal promise to pay the subscription of another is void by the statute of frauds.

From the Grant Circuit Court.

*R. W. Bailey* and *A. Diltz*, for appellant.

. *VanDevanter* and *J. W. Lacey*, for appellees.

BIDDLE, J.—Suit by the appellees against the appellant, on a written subscription to a church, payable to the appellees, for fifty dollars, and on the promise of the appellant to pay the subscription of J. Kindlesbarger of one dollar.

The action was commenced before a justice of the peace, and came to the circuit court by appeal.

In the circuit court the appellant moved to reject the

amended complaint. His motion was overruled and excepted to.

Trial by the court, finding and judgment for appellees.

The case is presented here upon two questions, the alleged error in overruling the motion to reject the amended complaint, and the alleged insufficiency of the evidence to sustain the finding.

The complaint is good. The practice in justices' courts does not require very skilful pleading; but the evidence is insufficient to maintain any action. It is admitted in the bill of exceptions, that the contract on the subscriptions was made on Sunday; but it is claimed that it was subsequently ratified by the appellant. There is evidence showing that the appellant admitted to third parties, that he had made the subscription, and some evidence tending to show that he thus admitted he would pay it, but none except the subscription itself that he ever promised the appellees that he would pay it. And, if he had made a direct promise to the appellees that he would pay the subscription, unless it was founded upon some consideration different from the subscription itself, the promise would be void.

As a general rule, void contracts can not be ratified, but there seems to be an exception in favor of contracts void for having been made on Sunday, which may be ratified, upon a consideration that essentially makes a new contract; as when property, or something of value, has been obtained through the means of a contract made on Sunday, and a promise afterwards made to pay for it. In such case keeping the property and making the promise constitute the new contract or ratification. But, while the contract remains unexecuted, when nothing has passed between the parties, and they remain as they were at the time the contract was made, a mere promise to execute it will have no validity.

The evidence in the case before us shows that the parties remain as they were at the time the contract was made; the admission, therefore, or the direct promise of the appellant to pay the subscription has no validity.

The following authorities establish these principles: *Banks* v. *Werts*, 13 Ind. 203; *Love* v. *Wells*, 25 Ind. 503; *Perkins* v. *Jones*, 26 Ind. 499; *Pate* v. *Wright*, 30 Ind. 476; *Heller* v. *Crawford*, 37 Ind. 279; *Davis* v. *Barger*, 57 Ind. 54.

The promise of appellant to pay the subscription of Kindlesbarger was not in writing; it is therefore within the statute of frauds, and can not be enforced. *Crosby* v. *Jeroloman*, 37 Ind. 264; *Berkshire* v. *Young*, 45 Ind. 461; *Hayes* v. *Burkam*, 51 Ind. 130; *Miller* v. *Neihaus*, 51 Ind. 401.

The judgment is reversed, at the costs of the appellees, and the cause remanded, with directions to sustain the motion for a new trial, and for further proceedings.