### GILBERT v. VACHON . ET AL.

SUNDAY.—*Promissory Note Executed by Surety on Sunday and Delivered by Principal on Week Day.*—In an action on a promissory note, wherein one maker pleaded suretyship and that he had executed the note on Sunday, the plaintiff replied that the note had been delivered to him by the principal on a day other than Sunday, with the assurance that it was binding on both makers ; and that, relying on such representation, and not knowing when it had been executed, he had then and there accepted the note. in good faith, and delivered to the principal the property for which it was executed.

*Held* insufficient, on demurrer.

From the Wells Circuit Court.

J. S. Dailey and L. Mock, for appellant.

NIBLACK, J.—This was a suit by Joseph Gilbert against John Vachon and Thomas Vachon, on a promissory note. John Vachon made default. Thomas Vachon answered :

1.  In general denial ;

2.  Admitting the execution of the note, but .averring that it was signed and delivered by him on the first day of the week commonly called Sunday, he being a person who then and there conscientiously observes the first day of the week as Sunday.

The plaintiff replied :

1.  In denial ;

2.  That he was not informed when the note was signed by said Thomas Vachon, who was only surety on the note ;

that the note was given for a horse sold to his codefendant, John Vachon, which was sold on Saturday; that the note as sued on was delivered to the plaintiff, on the following Monday, by the said John Vachon, who represented to the plaintiff that said note was all right and binding on both the makers thereof; that the plaintiff received said note in good faith and for value and without any knowledge that such note was executed on Sunday.

A demurrer was sustained to the second paragraph of the reply. The cause was tried by the court, and at the request of the plaintiff the court made a special finding of the facts, which was substantially as follows:

1st. The note in suit was executed by the defendant John Vachon, October 28th, 1876, for a valuable consideration, to wit, a horse, wagon and harness, and was delivered to the plaintiff on Monday, October 30th, 1876, at which time he took possession of the property bid off by him at a sale on the previous Saturday.

2d. The defendant Thomas Vachon, at the request of his codefendant, John, executed the note, on his part, as surety for John, on Sunday, October 29th, 1876, leaving it in the possession of his said codefendant, John; that the note was executed by Thomas in the highway, in Allen county, in this State; that, on the next day, Monday, October 30th, John, without the further knowledge of or authority from Thomas, delivered the note to the payee, Gilbert, representing to Gilbert that the note was executed on that day, and that Thomas never notified or informed Gilbert that the note was executed by him on Sunday.

3d. That said note and the execution thereof were not a work of necessity or of charity, and that the defendant Thomas was not a person who conscientiously observes the seventh day of the week as the Sabbath day.

The conclusion of law at which the court arrived upon the facts thus found was, that the contract of surety-

ship entered into by the defendant Thomas Vachon, was an illegal contract, and one which could not be enforced.

Judgment was thereupon rendered against the defendant John, upon the note sued on, and in favor of the defendant Thomas, for his costs.

Errors are assigned upon the sustaining of the demurrer to the second paragraph of the reply, and upon the conclusion of law arrived at by the court.

It is a well settled general rule of law in this State, that contracts entered into on Sunday are void. *Davis* v. *Barger,* 57 Ind. 54; *Pate* v. *Wright,* 30 Ind. 476.

This rule has been held to apply to the execution of promissory notes and other similar instruments. *Catlett* v. *The Trustees of the M. E. Church of Sweetser Station,* 62 Ind. 355; *Love* v. *Wells,* 25 Ind. 503.

The second paragraph of the reply did not aver that Thomas Vachon either made or authorized any of the representations concerning the note set up in that paragraph; nor did it contain any other matter estopping him from showing that he executed the note on Sunday. That paragraph was, therefore, clearly bad on demurrer.

In the conclusion of law at which it arrived, the court was fully sustained by the case of *Davis* v. *Barger, supra;* and, upon the authority of that case, the judgment in this case will have to be affirmed. *Curver* v. *The State, ante,* p. 61.

Some instruments in writing may be executed in this State on Sunday, but promissory notes do not belong to that class of instruments. 1 Story Cont., sec. 754; *The State* v. *Douglass, post,* p. 544.

The general rule that contracts entered into on Sunday are void is a harsh one, as applicable to cases like the one before us; but we do not feel at liberty to disturb a rule so well established.

The judgment is affirmed, with costs.