Parker v. Pitts.

---

No. 7502.

## PARKER v. PITTS.

PROMISSORY NOTE.—*Execution on Sunday by Surety Void.*—The execution of a promissory note as surety on Sunday, though delivered by the principal on a week day to the payee, who had no knowledge that the note had been so signed by the surety, is void.

SAME.—*Ratification.*—Where a surety on a note signed by him on Sunday, after it becomes due, notifies the payee that the principal had certain property he might sell and apply on the note, and afterward requests the payee not to sue on the note until he could see the principal, no part of the consideration having been received by the surety, such facts are insufficient to show a ratification of the execution of the note by him.

From the Posey Circuit Court.

*E. M. Spencer*, for appellant.

*W. P. Edson*, appellee.

NIBLACK, C. J.—This action was commenced before a justice of the peace, by Joseph Pitts, against Samuel Stallings and James M. Parker, upon a promissory note for one hundred and fifty dollars.

Stallings made default. Parker defended upon the ground that he executed the note on Sunday, and at the trial the justice found in favor of the plaintiff, and rendered judgment against both of the defendants.

Parker alone appealed to the circuit court, where, upon a. trial by the court, there was a finding and judgment against him, for a balance found to be due upon the note.

Parker has still further appealed to this court and insists that the finding of the court below was not only not sustained by sufficient evidence, but was against both the law and the evidence.

It appeared, from the evidence, that, on the Sunday previous to the delivery of the note to the plaintiff, Stallings, the co-defendant before the justice, being the principal in the note and too unwell to go himself, sent his wife with the note, which was dated upon another and a business day, to Parker's house, for the purpose of getting Parker to sign the note as surety for him, said Stallings ; that Parker, who was unable either to read or write, thereupon, on that Sunday, signed the note as such surety, in the presence of Mrs. Stallings, by making his mark thereon, and as thus signed

gave it back to Mrs. Stallings, without any directions as to its delivery, or in any other respect; that Mrs. Stallings then returned home with the note and on the same day gave it to her husband; that Parker had no conversation with any one else about the execution of the note and gave no one else any direction concerning its delivery; that after the note became due the plaintiff came to see Parker about the payment of it, and Parker then told the plaintiff that Stallings had some hogs which he might sell and apply on the note; that the plaintiff afterward saw Stallings, and he sold hogs and paid a portion of the note; that afterward the plaintiff met Parker in the road, when Parker inquired how he and Stallings were getting along with the note; that the plaintiff replied that he could not wait much longer; that Parker then said, "Don't sue until I can see Stallings;" that the plaintiff did not know that Parker had signed the note on Sunday until after suit had been brought upon it.

We have no brief from the appellee, and hence no suggestion from him as to any ground upon which the judgment in this case might be sustained.

This court has several times held that the execution of promissory notes, and other written obligations, on Sunday, under circumstances similar to those disclosed in the evidence in this case, was void, and, in obedience to the evident weight of authority, we feel constrained to adhere to the rule thus recognized as applicable to such contracts in this State. *Davis* v. *Barger*, 57 Ind. 54; *Gilbert* v. *Vachon*, 69 Ind. 372.

As none of the consideration was received by Parker, we can not say that what occurred between him and the plaintiff, after the note became due, tended in any manner to show a ratification by Parker of the execution of the note. *Banks* v. *Werts*, 13 Ind. 203; *Catlett* v. *The Trustees, etc.*, 62 Ind. 365; *Kountz* v. *Price*, 40 Miss. 341; *Myers* v. *Meinrath*, 101 Mass. 366; *Ryno* v. *Darby*, 5 C. E. Green, 231; *Finn* v. *Donahue*, 35 Conn. 216; *Pate* v. *Wright*, 30 Ind. 476;

*Bradley* v. *Rea*, 103 Mass. 188 ; *Day* v. *McAllister*, 15 Gray, 433 ; *Pope* v. *Linn*, 50 Me. 83 ; *Ladd* v. *Rogers*, 11 Allen, 209 ; *Hazard* v. *Day*, 14 Allen, 487 ; *Reeves* v. *Butcher*, 2 Vroom, 224. Also, see, *Perkins* v. *Jones*, 26 Ind. 499 ; *Reynolds* v. *Stevenson*, 4 Ind. 619 ; and *Link* v. *Clemmens*, 7 Blackf. 479.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Opinion filed at the November term, 1880.
Petition for a rehearing overruled at the May term, 1881.