Rogers v. The Western Union Telegraph Company.

No. 8663.

ROGERS v. THE WESTERN UNION TELEGRAPH COMPANY.

TELEGRAPH COMPANY.—*Contract to Transmit and Deliver Dispatch on Sunday.—Penalty.*—The statutory penalty given by "An act to regulate electric telegraph companies," 1 R. S. 1876, p. 868, can not be recovered by a person who has delivered his dispatch for transmission and delivery on Sunday.

SAME.—*Void Contract.—Ratification.*—A contract for transmitting a telegraphic dispatch, made on Sunday, is void, and the retention of the dispatch and of the consideration paid by the sender does not constitute a ratification.

SAME.—*Work of Necessity.*—A dispatch, "Come up in morning; bring all," can not be regarded as a work of necessity, within the meaning of the statute for the protection of the Sabbath; nor is telegraphing of itself a work of necessity.

PENALTY.—*Illegal Contract.*—A penalty can not be recovered for the failure to perform an illegal contract.

From the Knox Circuit Court.

*H. Burns*, for appellant.

*C. G. McCord*, for appellee.

ELLIOTT, C. J.—This action was instituted by the appellant to recover the statutory penalty of one hundred dollars for the failure to transmit and deliver a telegraphic message.

The defence is, that the message was placed in the hands of the appellee on Sunday, and the contract for its transmission made on that day. The theory of the appellee and of the trial court is, that, as the contract for transmitting the message was made on Sunday, it is void, and no penalty can be recovered for the failure to perform a void contract.

Appellant vigorously attacks the decisions holding that contracts made on the first day of the week, commonly called Sunday, are incapable of enforcement. The rule pronounced in these cases has long been the law of this State. There are very many cases enforcing this rule. *Reynolds* v. *Stevenson*, 4 Ind. 619; *Banks* v. *Werts*, 13 Ind. 203; *Love* v. *Wells*, 25 Ind. 503; *Davis* v. *Barger*, 57 Ind. 54; *Gilbert* v. *Vachon*, 69 Ind. 372; *Parker* v. *Pitts*, 73 Ind. 597; *Mueller* v. *The State*,

76 Ind. 310. Some of them have cárried the doctrine very far, possibly too far. In *Link* v. *Clemmens,* 7 Blackf. 480, it was held that a replevin bond executed on Sunday was invalid; and, in *Catlett* v. *The Trustees, etc.,* 62 Ind. 365, the court decided that a subscription to a church made on Sunday was void. No rule is more firmly settled than the one under mention, and we can not now depart from it.

A penalty can not be recovered for the failure to perform an illegal contract. The statute does not apply to contracts which are without legal force. The evident intention of the Legislature was to secure the performance of such contracts as imposed binding obligations upon the telegraph companies. The statute is a highly penal one, and we can not extend its operation by a liberal construction. *Western Union Telegraph Co.* v. *Axtell,* 69 Ind. 199. We certainly can not bring within its provisions a case, such as the present, where there is, in legal effect, no contract at all.

Courts can not declare, as matter of law, that the business of telegraphy is a work of necessity. There are, doubtless, many cases in which the sending and delivery of a message would be a work of necessity within the meaning of our statute. But we can not judicially declare that all contracts for the transmission of telegraphic messages are to be deemed within the statutory exception. Whether the contract is within the exception must be determined, as a question of fact, from the evidence in each particular case.

We can not adjudge that the message which the appellee agreed to transmit is one which comes within the statute permitting the performance of works of necessity. It reads thus: "Come up in morning; bring all." These words are to be taken in their ordinary meaning, for there is nothing ascribing to them any other or different signification. Upon their face they imply a friendly invitation to visit the sender. Such a message can not be regarded as a "work of necessity," within the meaning of our statute.

The contract for the transmission of the message having

been made on Sunday, and the message not being one which can be treated as entitling it to be transmitted as "a work of necessity," the contract for its transmission must be adjudged incapable of enforcement. As the appellee violated no valid contract, there is no foundation for the claim to the penalty prescribed by statute.

So far, our consideration has been confined to the questions presented upon the first paragraph of the complaint and the answer thereto; we turn now to the questions presented upon the second paragraph of the complaint. This paragraph alleges the undertaking to transmit the message to have been entered into on the 5th day of October, 1879; that the message was telegraphed to Vincennes on that day; that the person to whom it was addressed enquired, at the proper office, for the message on the 6th day of that month, but that it was not delivered to him until the following day.

The appellant maintains that the defence that the contract for the transmission of the message was made on Sunday is not a sufficient answer to this paragraph. We can not assent to this view. The right to recover the statutory penalty depends upon the validity of the contract under which the message was received. Unless there is such a contract as imposed a binding obligation upon the telegraph company, there is no right to inflict punishment, for no legal duty has been violated. A violation of a legal duty is essential to a right of action for the recovery of the penalty. The retention of the message and of the consideration paid for its sending did not create a new contract. The only contract was that made on Sunday. What was afterward done did not constitute a new and different agreement.

The action, it must be borne in mind, is not one for the recovery of damages for a breach of contract. Nor is it a case for the redress of injuries arising from a tort. It is a civil action for the recovery of a penalty prescribed by statute, not for the purpose of making good any loss that the sender of the message may have sustained, but for the purpose of pun-

ishing a telegraph company for the negligent failure to transmit a message which it, by a valid contract, undertook to transmit. We can, therefore, derive no assistance from the cases which hold that, for a tort committed on Sunday by common carriers, or, for the matter of that, by anybody else, an action will lie.

It is settled that the retention of what has been received under a contract entered into on Sunday will not of itself be a ratification. *Perkins* v. *Jones*, 26 Ind. 499. If the retention of the consideration can not be regarded as constituting a ratification in cases where the relief sought is an enforcement of the right given by the contract, it certainly can not be so regarded where the object of the action is the recovery of a statutory penalty. It may well be doubted whether anything short of an independent contract can, in such a case, create such a new duty as will supply sufficient foundation for an action to recover the penalty which the statute has affixed, by way of punishment, for a breach of duty.

Judgment affirmed.