## Western Union Telegraph Company *v.* Fulling.

[No. 7,440.    Filed January 4, 1912.]

1. EVIDENCE.—*Sundays.—Complaint.*—Courts take judicial notice that September 8, 1907, was Sunday.  p. 173.

2. TELEGRAPHS AND TELEPHONES.—*Failure to Send Message.—Sundays. — Necessity. — Complaint.* — A complaint alleging that the plaintiff applied to the defendant telegraph company, on September 8, 1907, to transmit and deliver a message to his wife informing her that the late trains prevented his arrival at home until morning, that defendant agreed to deliver such message that evening, and that defendant negligently failed to transmit such message impartially, in good faith, and in its order, and that it was not delivered that evening, sufficiently shows a necessity for the transmission and delivery of such message on Sunday.  p. 174.

3. CONTRACTS. — *Voidable. — Procedure. — Sundays. — Telegraphs.*—Contracts made on Sunday to transmit and deliver telegraphic messages are merely voidable; and such question must be raised by an answer.  p. 174.

4. TELEGRAPHS AND TELEPHONES. — *Sundays. — Necessity. — Verdict.*—In an action against a telegraph company for its failure to transmit and deliver a message on Sunday, as it had agreed, a general verdict for the plaintiff constitutes a finding that there was a necessity for sending the message on that day.  p. 174.

From Warrick Circuit Court; *Roscoe Kiper,* Judge.

Action by Henry F. Fulling against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*George H. Fearons, Hatfields & Hemenway* and *J. E. Williamson,* for appellant.

*R. S. Moore,* for appellee.

MYERS, J.—Appellee brought this action against appellant to recover a statutory penalty (Acts 1885 p. 151, §5780 Burns 1908), for the latter's alleged breach of duty.

Issues were formed and submitted to a jury, resulting in a verdict and judgment in favor of appellee for $100. With its general verdict the jury returned answers to interrogatories.

A demurrer to the complaint for want of facts, and appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict, were overruled, and these rulings are made the basis for separate assignments of error. Both of these assignments present the same and only question for our consideration.

Among other facts the complaint alleges that appellee, on September 8, 1907, at the city of Terre Haute, Indiana, informed appellant that he desired to send a message over its lines and wires to his wife in Boonville, Indiana, if the same could be delivered to her that same day or evening, and if it could not be delivered on that day or evening, he did not want to send it at all, for unless it was delivered on that day, it would be useless to send it; that appellant then and there informed appellee that the message could and would be delivered on that day, whereupon appellee then and there prepared and delivered to appellant, charges demanded prepaid, (omitting the name and address of sendee and sender), the following message: "Late trains prevent being home till morning." It is also alleged that appellant negligently failed to transmit said message with impartiality and in good faith, nor in the order of time in which it was received, etc. The answers to interrogatories show that said September 8th was Sunday.

Appellant contends that because the contract was made on Sunday it did not incur the penalty for its failure to transmit the message, unless a necessity existed for its transmission on that day, and that it had no notice of such necessity.

It appears from the complaint that the message in question was delivered to appellant on September 8, 1907, for transmission on that day, and this court judicially

1. knows that September 8, 1907, was Sunday. *Roberts v. Farmers, etc., Bank* (1894), 136 Ind. 154.

From the facts exhibited by the complaint, appellee clearly gave appellant to understand that transmission and delivery of the message on the day mentioned were essential,

otherwise the sending of it would be useless. With that understanding, appellant took appellee's money, received the message, but failed to transmit and deliver it "with impartiality and in good faith, and in the order of time in which it was received." Appellee's conversation with appellant company, together with the contents of the message, would certainly convey to the mind of an ordinary person the cause of appellee's delay in arriving home, and under the circumstances was important. It was a message from the husband to the wife. Its tranquil effect on the mind of the wife for the unexplained delay of the husband is apparent, and of itself was sufficient to prompt a considerate husband to send the message. If this only was its purpose, the necessity is shown (*Burnett* v. *Western Union Tel. Co.* [1890], 39 Mo. App. 599), and appellant in accepting it and in undertaking to deliver it did not in any wise make it amenable to the statute (§2364 Burns 1908, Acts 1905 p. 584, §467), which it now seeks to use as a shield to avoid liability for failing to perform a statutory duty. §5780 Burns 1908, Acts 1885 p. 151, §1. The contract in question, although made on Sunday was merely voidable, of which advantage may be taken only by answer. *Western Union Tel. Co.* v. *Eskridge* (1893), 7 Ind. App. 208; *Heavenridge* v. *Mondy* (1870), 34 Ind. 28.

Appellant, in this case, by way of an affirmative answer, sought to take advantage of the fact that the contract was made on Sunday, and that there was no such necessity for the transmission of the message on that day as would take the contract out of the operation of the statute. The general verdict of the jury amounted to a finding against appellant on this question. Having determined that the contract was not in violation of §2364 *supra,* it was the duty of appellant to transmit and deliver the message in question on the day or evening it was received, and its failure so to do made it liable for

the statutory penalty (§5781 Burns 1908, Acts 1885 p. 151, §3), on the charge of "negligent failure to transmit the message in the order of time in which it was received." *Western Union Tel. Co.* v. *Ferguson* (1901), 157 Ind. 37; *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165; *Western Union Tel. Co.* v. *Sefrit* (1906), 38 Ind. App. 565.

Judgment affirmed.