STELLHORN *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF ALLEN.

[No. 8,652. Filed November 3, 1915.]

1. EVIDENCE.—*Judicial Knowledge.*—*Days and Dates.*—The court judicially knows that neither March 1 nor May 15 fell on Sunday in either of the years from 1905 to 1908, both inclusive, and that the number of days from March 1 to May 15, inclusive, in each of said years, exclusive of Sundays, was sixty-five. p. 18.

2. APPEAL.—*Review.*—*Evidence.*—*Presumptions.*—Where plaintiff, suing to recover a balance claimed to be due for services performed on Sundays in the assessment of property for taxation, testified that he had been paid for sixty days' work, while he was in fact paid in full for sixty-five working days intervening from March 1

to May 15, inclusive, it will be presumed in considering his testimony that he erroneously said sixty instead of sixty-five. p. 19.

3. SUNDAY.—*Statutory Provisions.*—*"Common Labor".*—The phrase "common labor" as used in §2364 Burns 1908, Acts 1905 p. 584, §467, prohibiting one from engaging in common labor or in his usual avocation on Sunday, includes the transaction of the ordinary business affairs of life. p. 19.

4. TAXATION.—*Assessment of Property.*—*Work Performed on Sunday.*—One employed to assess property for taxation, who devoted the Sundays embraced in the period from March 1 to May 15 in checking up and arranging his lists, was on such days engaged in a work incident to the work of assessing and hence engaged in his usual avocation within the meaning of §2364 Burns 1908, Acts 1905 p. 584, §467, prohibiting work on Sunday, and, in view of the fact that the public interests would not have suffered substantially had such work not been performed on Sunday, the work was not one of necessity, nor was it a work of charity, within the exceptions provided by the statute. pp. 20, 21.

5. EVIDENCE.—*Judicial Knowledge.*—The court judicially knows that in each of the years from 1905 to 1908 inclusive, Wayne Township in Allen County had a population of more than 20,000 and not more than 75,000, according to the last preceding United States census. p. 21.

6. TAXATION.—*Assessment of Property.*—*Work Performed on Sunday.*—*Compensation.*—One engaged in the assessing of property for taxation can not recover for incidental work performed by him on Sunday in violation of §2364 Burns 1908, Acts 1905 p. 584, §467. p. 22.

7. TAXATION.—*Assessment of Property.*—*Work Performed on Sunday.*—*Statutes.*—Although there are seventy-five days including Sundays in the time allotted for the assessment of personal property as fixed by the act of 1903 (Acts 1903 p. 49, §10157 Burns 1908), and that act limited the time for which township assessors might receive pay to seventy-five days, while subsequent amendments provide that assessors should be paid for a time not exceeding such limits as may be fixed by law in any year, it can not be presumed that the legislature intended to authorize township assessors and their deputies to prosecute their work on Sundays, especially in view of §10272 Burns 1908, Acts 1903 p. 49, providing for the assessment of property after the time limited. p. 23.

8. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—In support of the finding of the trial court, attacked on the ground of insufficient evidence, only the evidence, and inferences therefrom, tending to support the finding can be considered, and the finding thus warranted is conclusive. p. 24.

9. APPEAL.—*Right of Action.*—*Acceptance of Allowance of Board of Commissioners.*—Where the board of commissioners allowed the claim of an assessor each year for the full number of secular days

Stellhorn *v.* Board, etc.—60 Ind. App. 14.

devoted to the work during the period from March 1 to May 15, and disallowed the claim for extra days and work performed on Sundays, and the record discloses that the claim sued on was filed and disallowed in its entirety, the objection that plaintiff, having accepted and retained the allowances for each year, is precluded from maintaining any action for the disallowed portions, is inapplicable.   p. 24.

From Allen Circuit Court; *E. O'Rourke*, Judge.

Action by August Stellhorn against the Board of Commissioners of the County of Allen.   From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William Freuchtenicht, Frank J. Belot* and *Creighton H. Williams*, for appellant.
*Ballou, Hoffman & Romberg*, for appellee.

CALDWELL, J.—Appellant filed with appellee January, 1911, a claim for a balance alleged to be due him for services as a deputy assessor of Wayne Township, Allen County, performed in 1905, 1906, 1907 and 1908.   The entire claim as filed was disallowed.   On appeal to the circuit court a trial resulted in a general finding and judgment against appellant from which he prosecutes this appeal. The claim is in part as follows:

"Ft. Wayne, Ind., Jan. 24, 1911.
Allen County, Indiana, To August Stellhorn for services rendered said township, as assessor of the personal property of said township for the following periods and days, and for which full compensation has not been rendered, to wit:
1915.

May  15, to 75 days for assessing at
    $2.00 per day...................... $150.00
May  16-17, in office checking up at
    $2.00 per day.....................    4.00

May 18 to 23, inclusive, for abstract
of field books in office, at $2.00
per day.......................... $10.00

Total....................... $164.00
Credit by cash....... ............... 130.00

$34.00."

There is a like bill of particulars for each of the
years 1906, 1907 and 1908. The total amount of
the claim alleged to be due and unpaid is $136.
The sufficiency of the evidence to sustain the de-
cision is the sole question presented.

It is admitted that appellant was a deputy as-
sessor of said township for said years. Appellant
was the only witness introduced in his behalf. As
far as material to the questions involved, his testi-
mony was to the following effect: Mr. Etzold,
township assessor for said years, deceased before the
trial, appointed appellant as a field deputy for each
of said years. There were also office deputies ap-
pointed to do the work in the office. Appellant was
appointed to assess personal property within a desig-
nated territory. He was not appointed to do office
work, but it was a part of his duty when he had com-
pleted the work of assessing to check up and ar-
range in proper order the assessment lists or schedules
made out by him and by the property owners
under his supervision. He commenced assessing
March 1, and completed the work May 15, of each
year working every day except Sundays. On each
Sunday he checked up and arranged in order the
lists made out the previous week. By May 15, of
each year he had completed his work of assessing,
and on that day delivered the lists at the assessor's
office. Thereafter, by direction of the township

assessor, he did certain other work, as checking up and arranging his lists, and making out an abstract of the lists in a small book called the field book. This work was done at his home, in the assessor's office, or at any other convenient place. Appellant as a witness was not entirely clear as to this work. He stated on his direct examination in response to suggestive questions that he worked twelve days at checking and arranging his lists, and two days in preparing his field book each year. On his cross-examination, also in response to suggestive questions, he stated that he worked more than two days at the former and more than five days at the latter work each year. The field book was small, designed to be carried in the pocket, with the pages arranged in columns, wherein were inserted the names, addresses, amounts of property, etc., of persons assessed. Within the period while appellant was assessing, he made up such a book from his lists, and thereafter, pursuant to directions of the township assessor, he copied it and delivered the copy to the assessor's office. Mr. Bushman, township assessor at the time of the trial, was called by appellee as a witness, and testified that the field books described by appellant were not delivered to the county auditor, but were kept for the use of the assessor's office, and were for the use of the assessor the succeeding year, and that it would seriously inconvenience the work of assessing if such books were not kept. In each of said years, appellant was paid, and he accepted the sum of $130 as credited in his claim.

We know judicially that in neither of said years did either March 1, or May 15, fall on Sunday, and also that between such dates n each of those

1. years there were eleven Sundays. *Swales* v. *Grubbs* (1890), 126 Ind. 106, 25 N. E. 877;

*Roberts* v. *Farmers, etc., Bank* (1894), 136 Ind. 154, 36 N. E. 128; *Western Union Tel. Co.* v. *Fulling* (1912), 49 Ind. App. 172, 96 N. E. 967. The number of days from March 1 to May 15 inclusive in each of said years, exclusive of Sundays was sixty-five. Appellant as a witness testified that the board of commissioners in each of said years allowed him for sixty days, and refused to allow him for Sunday work and said subsequent work of checking up and preparing the field book, and that his claim in this proceeding is based on the work for which compensation was so disallowed. As appellant was in fact paid for sixty-five days work at two dollars per day, being the wage fixed by statute, in each of said years, he presumably erroneously used sixty for sixty-five in his testimony. It appears, and also is conceded by the parties, · that the matter in controversy here includes only such Sunday work and such subsequent work.

A statute in force in the years involved here is in part as follows: "Whoever being over fourteen years of age, is found on the first day of the week, commonly called Sunday, * * * at common labor or engaged in his usual avocation, works of charity and necessity only excepted, shall be fined not less than one nor more than ten dollars." §2364 Burns 1908, Acts 1905 p. 584, §467. The statute contains certain other exceptions not applicable here. The phrase "common labor" as used in the statute includes the transacting of the · ordinary business affairs of life. *Bryan* v. *Watson* (1891), 127 Ind. 42, 26 N. E. 666, 11 L. R. A. 63; *Reynolds* v. *Stevenson* (1853), 4 Ind. 619; *Quarles* v. *State* (1891), 55 Ark. 10, 17 S. W. 269, 14 L. R. A. 192, note. The word "avocation" is used in the statute in the sense of vocation or oc-

cupation. *Ross* v. *State* (1894), 9 Ind. App. 35, 36 N. E. 167. It is thus apparent that appellant in performing work on Sunday as he testified was engaged in common labor as that term is used in the statute. Since for the time being, his occupation was assessing personal property for taxation, and the labor that he performed on Sunday was merely incident to that work, it may be said also that at such times he was engaged in his usual avocation within the meaning of the statute. Appellant, therefore, in laboring on Sunday, violated the statute, unless the work which he performed at such times comes within one of the exceptions designated as "works of charity and necessity". It is plain that he was not engaged in a work of charity. "By the word 'necessity' in the exception, we are not to understand a physical and absolute necessity, but a moral fitness or propriety of the work and labor done, under the circumstances of any particular case, may be deemed necessity within the statute." *Morris* v. *State* (1869), 31 Ind. 189. It can scarcely be said that the act of working on Sunday, impelled by the mere desire to increase profits or income, creates such a situation of moral fitness or propriety as justifies the performance of such work as a work of necessity. Appellant can not therefore successfully maintain that the fact of the consequent increase in the aggregate of wages makes the involved work one of necessity. Considering the matter from the standpoint of the public, unless public interests would have suffered substantially had the work not been done on Sundays rather than on secular days, or unless the situation required that the work be done, and that it be done on Sunday in order that it might be done at all, the doing of the work on Sundays was not permissible as a work of necessity under the statute.

Appellant urges that the magnitude of the work required of him was so great that it could not have been completed within the time limited by the statute had he not worked on Sundays. It is provided by statute that personal property shall be listed for taxation between March 1 and May 15. §§10157, 10197 Burns 1908, Acts 1903 p. 49. There is a further statutory provision that a failure to complete or return an assessment of property, real and personal, by township assessors within the time required by the taxation laws, shall not vitiate the same, and that if any property is listed or assessed on or after May 15, and before the return of the assessor's books, the same shall be as legal and binding as if assessed before that time. §10272 Burns 1908, Acts 1903 p. 49. The township assessor is authorized to appoint as many deputies to assist him in making the assessment as the extent of the work reasonably requires. §10252 Burns 1908, Acts 1891 p. 199. Moreover, we know judicially that in each of the years in question, Wayne Township in Allen County had a population of more than 20,000 and not more than 75,000, according to the last preceding United States census. *Hawkins* v. *Thomas* (1892), 3 Ind. App. 399, 29 N. E. 157. In such a township the township assessor is required to keep his office open throughout the year for the performance of duties pertaining thereto. §10252 Burns 1908, *supra*. There are other statutes by the terms of which omitted property may be assessed after May 15. §§10270, 10277, 10353 Burns 1908, Acts 1891 p. 199. Appellant, however, within the time limited, completed the work of assessing in the territory assigned to him, without doing any of that sort of work on Sunday. Assuming that the work done by him on Sunday was part of the work of as-

sessing as an incident thereto, it can not be said, under the foregoing statutory provisions that the situation required that it be done on Sunday or that the doing of it at such times may be justified as a work of necessity. No public interest demanded that it be finished at all events by May 15. As we have shown there was statutory authority for completing it after that date. It is desirable, however, and the policy of the law is that the work be completed within the time fixed. If while about the work, it becomes apparent or even probable that a deputy can not complete the work assigned to him within such time, additional deputies may be appointed. We hold that the doing of the work on Sundays can not be justified as a work of necessity within the meaning of the statute. For a general discussion of the principles involved, see the following: *Wilkinson* v. *State* (1877), 59 Ind. 416, 26 Am. Rep. 84; *Morris* v. *State, supra; Pate* v. *Wright* (1868), 30 Ind. 476, 95 Am. Dec. 705; *Yonoski* v. *State* (1881), 79 Ind. 393, 41 Am. Rep. 614; *Quarles* v. *State* (1891), 14 L. R. A. 192, note; *Bloom* v. *Richards* (1853), 2 Ohio St. 387. Appellant having violated the statute by laboring on Sunday can not be permitted 6. to recover therefor. *Perkins* v. *Jones* (1866), 26 Ind. 499; *Pate* v. *Wright, supra; Rogers* v. *Western Union Tel. Co* (1881), 78 Ind. 169, 41 Am. Rep. 558; *Western Union Tel. Co.* v. *Henley* (1899), 23 Ind. App. 14, 54 N. E. 775; *Youngblood* v. *Birmingham Trust, etc., Co.* (1891), 95 Ala. 521, 12 South. 579, 36 Am. St. 245, 20 L. R. A. 58; *Gibbs* v. *Consolidated Gas Co.* (1889), 130 U. S. 396, 9 Sup. Ct. 553, 32 L. Ed. 979; 6 R. C. L. 699, *et seq.*

Under the taxation statutes enacted in 1891, personal property was required to be listed between

April 1 and June 1. That act provided that township assessors should receive two dollars per day for the time actually employed not exceeding sixty days in any year, and that deputy assessors should receive a like sum per day for the time actually employed. Acts 1891 p. 199, §8418 Burns 1901. The sixty-day provision was continued in the amendment of §92 in 1893. Acts 1893 p. 299, §8510 Burns 1901. The amendment of 1903 required that property be assessed between March 1 and May 15. Acts 1903 p. 49, §10157 Burns 1908. That act limited the time for which township assessors might receive pay to seventy-five days, rather than sixty days. There was a subsequent amendment at the legislative session of 1903, omitting the seventy-five day provision, and providing that township assessors should be paid for a time, "not exceeding such limits as may be fixed by law in any year". Acts 1903 p. 344, §10253 Burns 1908. Such subsequent provision has been continued in recent amendments. §§10253, 10253a Burns 1914, Acts 1909 p. 58, Acts 1913 p. 711. From the fact that there are sixty days including Sundays between April 1 and June 1, and seventy-five days between March 1 and May 15, including the last day and also Sundays, appellant constructs an argument based on the cited legislation, that the legislature must have intended to authorize township assessors and their deputies to prosecute their work on Sundays. We cannot assign to the language used in the cited acts such a forcible meaning, and especially in view of the fact that the substantial part of §10272 Burns 1908, *supra*, providing that property may be assessed after the time limited, and before the assessor has returned his books, has been in force since 1891. Acts 1891 p. 242, §8527 Burns 1901.

The trial court having heard the evidence found in favor of appellee. In support of such finding, there must be arrayed on this appeal the evidence tending to support it and also inferences reasonably deducible from the evidence with a like tendency. Other conflicting inferences must be ignored. Considering the evidence, including the fact that there was long delay in filing and prosecuting this claim, although, as indicated and as admitted by appellant, payment was made to him in full for the days on which he was engaged in the work of actual assessing, and the inferences that the court might draw therefrom, we cannot disturb the court's finding respecting the second and third items in the bill of particulars for each year. As to the third item we do not care to base our decision on grounds urged by appellee that the making of the field book is a work not authorized by law, and that consequently there can be no recovery for it. It occurs to us that the making of such book amounts to no more than the mere making of memoranda of information, which if acquired and noted preparatory to the work of assessing might very much expedite and therefore be allowable as a part of such work.

Appellee, assuming that appellant for each of the years involved filed an entire claim including the amount of his charges for the actual work of assessing, and that the board of commissioners allowed on the claim for each year $130 and disallowed the balance, and that appellant thereupon accepted and retained the allowance for each year constructs an argument based on *Western Construction Co.* v. *Board, etc.*, (1912), 178 Ind. 684, 98 N. E. 347, that appellant may not now maintain any form of action to recover such disallowed portions, aggregating $136. Appellee's assumption

is erroneous. The record here discloses that the claim involved in this action as filed was disallowed in its entirety. The principle announced by the cited case is therefore not applicable here, and our decision is based on other grounds, as indicated. Judgment affirmed.

Note.—Reported in 110 N. E. 89. As to work which may be done on Sunday, see 30 Am. St. 27. What constitutes "labor" or "labor or work" within prohibition of Sunday law, see Ann. Cas. 1913 D 797. See, also, under (1) 16 Cyc 856; (2) 3 Cyc 308, 310; (3) 37 Cyc 544, 545; (4) 37 Cyc 552; (5) 16 Cyc 870; (6) 37 Cyc 569; (8) 3 Cyc 360.