## MENDENHALL ET UX. *v.* TREADWAY ET AL.

FRAUDULENT REPRESENTATIONS.—*Husband and Wife.—Vendor and Purchaser.*—Where land is purchased by a husband, who, as the consideration therefor, transfers a promissory note to the vendor upon false representations of the solvency of the maker, and causes the conveyance of the land to be made to his wife, who pays no consideration whatever, though she is not a party in any manner to the fraud of her husband, the wife is affected by all the equities which the vendor might enforce against the husband, and both husband and wife will be compelled to reconvey the land. *Lipperd* v. *Edwards,* 39 Ind. 165, explained.

PRACTICE.—*Bill of Exceptions.—Deposition.*—A written motion pointed out parts of depositions sought to be suppressed, and was entered by the clerk as overruled; the bill of exceptions stated that the court refused to suppress the questions and answers in the depositions not marked suppressed on the margin of the depositions, to which defendant excepted, etc.; no portion of the depositions was so marked in the record on appeal, but portions thereof were included in brackets, and outside the brackets followed by the word "suppressed."

*Held,* that said indications did not show what parts of the depositions were suppressed, and what not suppressed.

SAME.—*Instructions.*—A bill of exceptions set out certain instructions; the motion for a new trial assigned as error the giving of some of said instructions, to the giving of which it was therein alleged the defendants objected. No exception was noted on the instructions, nor was it stated in the bill of exceptions that any exception had been taken to them.

*Held,* that no error was reserved.

From the Wayne Circuit Court.

*W. A. Bickle* and *J. P. Siddall,* for appellants.

*H. C. Fox,* for appellees.

DOWNEY, C. J.—This was an action by the appellees against the appellants, to obtain a rescission of a contract and a reconveyance of certain described real estate, upon the ground that the conveyance thereof had been procured by false and fraudulent representations.

A demurrer to the complaint was overruled, to which ruling the appellants excepted.

There was issue and trial by jury, which resulted in a verdict for the appellees.

The court overruled motions for a new trial and in arrest

of judgment, and rendered judgment on the verdict, and the appellants again excepted.

The appellants have assigned the following errors:

1. The court erred in overruling the demurrer to the complaint.

2. The court erred in overruling the motion for a new trial.

3. The court erred in overruling the motion in arrest of judgment.

The first question presented for our decision is, whether the court below erred in overruling the demurrer to the complaint.

The complaint is as follows: " Amos K. Treadway and Jacob W. Knipe complain of Susan C. Mendenhall, a married women, and Marshall M. Mendenhall, her husband, and say that on and prior to December 25th, 1868, said plaintiffs were the owners in fee simple of the following real estate in Wayne county, Indiana, to wit: being a part of the north-west quarter of section 28, township 16, range 12 east, commencing at a stake on the section line dividing sections 28 and 29, at the north-west corner of a lot of land now owned by Rebecca Symons, thence eastwardly to a lot of land now owned by John Woodward (formerly owned by John Engle), thence north, along the west line of said lot, to a tract of land belonging to Robertus Hays, thence west along the south line of said Hays' land to the said section line, thence south along said line to the place of beginning, containing two acres, more or less ; and that on said day said plaintiffs contracted with said Marshall M. Mendenhall to convey said tract of land to him under the following circumstances, to wit: On said day said Marshall stated that he held and owned a note made by one Fred. A. Howe to one W. H. Wills, dated Toledo, Ohio, September 15th, 1868, and due one year after date, in the sum of two thousand five hundred dollars, with interest, and endorsed by said W. H. Wills to said Mendenhall, without recourse ; that on said day, and on divers days before that time, said Mendenhall stated to said

plaintiffs and to Noah W. Miner, the agent for said plaintiffs in negotiations with said Mendenhall, that said Fred. A. Howe was a responsible and solvent man, and owned at the time five or six hundred acres of pinery in Michigan, of great value; that he also owned a farm near said Toledo, for which said note was given; that he owned a very large, fine residence on one of the best streets in Toledo, Ohio, to wit, on Superior street; that he also owned two or three lots further north on same street; that he was building large gas works to supply said city with gas; that said Howe was a large lumber dealer in said city of Toledo and a man of wealth and responsibility; that said plaintiffs and their agent knew nothing whatever of the truth of said several statements, but they confidently relied on the truthfulness of the statements then made by said defendant, and fully believed the same to be true; that so relying and having no knowledge or means of knowledge of said facts, except the information received from said defendant, said plaintiffs were induced by him to exchange the premises above described for said note, and at the request of said defendant, made a deed for said land to said Susan C. Mendenhall, wife of Marshall, on December 25th, 1868, and on same day obtained said notes; that in point of fact each and all of said statements so made by said Marshall were wholly untrue, and Howe did not own any of said property or means; nor was he engaged in the lumber business at all; nor was he engaged in building large gas works to supply said Toledo with gas; that said Marshall well knew each and all of said statements to be wholly false, and also knew that said Howe was not a solvent man, and that he was not a man of large means; and that said false statements were purposely made to plaintiffs and their agent, thereby fraudulently to procure the conveyance of said land; that said note was then and is now wholly worthless and of no value, which fact said plaintiffs did not discover till after the maturing of said note, on the 15th of September, 1869; that said deed was made to said Susan without consideration, the whole consideration being the

note aforesaid.    Wherefore plaintiffs pray that said contract be rescinded, and they bring said note into court for said defendant and pray that said defendants be compelled to execute to them a deed for said property, and other proper relief, and that pending this suit said defendants be restrained or enjoined from conveying said land, and on final hearing that they account for the use of said premises; and they ask judgment for three thousand dollars damages."

It is conceded by counsel for appellants, that the complaint is probably good as to Marshall M. Mendenhall, but it is earnestly and strenuously contended by them that it is plainly and palpably bad as to Susan C. Mendenhall.    The principal objection urged to the complaint is, that it is not alleged that Mrs. Mendenhall was guilty of any fraud, or had knowledge of or participated in the fraud of her husband.

It is alleged in the complaint, however, "that the said deed was made to said Susan without consideration, the whole consideration being the note aforesaid."    She cannot, if this allegation is true, be regarded as a purchaser for a valuable consideration and without notice of the equities of the appellees.    The conveyance to her being without consideration, she can not protect herself as a *bona fide* purchaser for value, but must be regarded as affected by all the equities which the appellees had a right to enforce against her husband.    *Johns* v. *Sewell*, 33 Ind. 1; *Aldridge* v. *Dunn*, 7 Blackf. 249; *Dugan* v. *Vattier*, 3 Blackf. 245; *Gallion* v. *M'Caslin*, 1 Blackf. 91; *Aubuchon* v. *Bender*, 44 Mo. 560.

The position assumed by counsel for the appellant, that as the plaintiff had conveyed the land to the wife, instead of conveying it to the husband, their right to it can not now be asserted against her, can not be sustained.    It assumes that a valid and binding conveyance was made, which is not shown to be true.    On the contrary, the facts alleged show clearly that the contract and conveyance were obtained by the grossest fraud.    Our attention has been called to the case of *Lipperd* v. *Edwards*, 39 Ind. 165, and it has been suggested that the language of the opinion, in speaking of the

Mendenhall *et ux. v.* Treadway *et al.*

sufficiency of the second paragraph of the complaint in that case, may be understood to be in conflict with the doctrine as here announced. In the second paragraph of the complaint in that case, it was not alleged that the wife had paid no consideration, but it was alleged that the "principal consideration" was paid by the husband. The evidence in that case showed that the main question of controversy was, whether the consideration was paid by the husband or by the wife. The case was not presented as one where the wife had paid no consideration for the conveyance, as is alleged to be the case here; and if the language in the opinion in that case is susceptible of a construction contrary to what is here decided, it should, to that extent, be restricted in its meaning.

There are two questions discussed under the second assignment of errors. The first relates to the action of the court upon the motion of the appellants to suppress certain parts of depositions taken by the appellees. There was a written motion pointing out the parts of the depositions which it was sought to have suppressed. The clerk's entry of the action of the court on the motion states that it was overruled. In the bill of exceptions, it is stated that "the court refused to suppress either of said questions and answers not marked suppressed on the margin of said depositions," to which the defendants excepted, etc. There are no portions of the depositions marked suppressed on the margin, but portions of some of the answers are included in brackets and are followed outside of the brackets by the word "suppressed." We can not tell from these indications what parts of the depositions are referred to in the bill of exceptions as having been suppressed, and what as not suppressed. Where a motion to suppress depositions is either sustained or overruled, and there is an exception and error assigned thereon, the record must be made up so that this court can see what part of the depositions was suppresesd or not suppressed, or we can not consider the alleged error.

Certain instructions given by the court are set out in the

bill of exceptions, and in the motion for a new trial, it was urged that the court had erred in giving some of these instructions, to which it is there said the defendants objected, but no exception is noted on the instructions, nor is it stated in the bill of exceptions that any exception was taken to the giving of them. Under the circumstances, there is no question presented for the decision of this court, relating to the instructions.

The assignment relating to the motion in arrest of judgment presents no question not already considered and decided.

The judgment is affirmed, with costs.