Spinner *et ux. v.* Weick.

## SPINNER ET UX. *v.* WEICK.

FRAUDULENT CONVEYANCE.—*Husband and Wife.*—*Pleading.*—A complaint
to subject real estate conveyed to a wife to the payment of the husband's
debt, on the ground of fraud, need not charge the wife with knowledge of
the husband's fraud, if it is alleged that she paid nothing for the land,
and that the whole consideration was paid by the husband.

From the Dearborn Circuit Court.

*J. Schwartz,* for appellants.

*S. B. Carter, A. Brower, F. Adkinson,* and *G. M. Roberts,*
for appellee.

PETTIT, C. J.—This suit was brought by the appellee,
George Weick, against the appellants, John J. Spinner and
Rosina Spinner, his wife, and the complaint was this:

" George Weick, plaintiff, complains of John Jacob Spinner
and Rosina Spinner, his wife, defendants, and says, that on
the 31st day of January, 1871, by the judgment of the court
of common pleas of said county, he obtained a judgment against
said John for the sum of one thousand and twenty-six dollars
and costs of that suit, and that on the ——— day of May, 1871,
an execution was issued on said judgment. Plaintiff further
says, that said judgment was rendered on a note and obliga-
tion of said John Jacob Spinner, of date March 1st, 1868.
Plaintiff further states, that on the 27th day of January, 1870,
said John Jacob purchased a tract of land in said county,
described as follows:" (here is given the description); "and being
indebted at the time of said purchase, he, for the purpose of
preventing the said land from being levied on and taken and
sold on execution, on said judgment and liabilities, the said
note on which said judgment was rendered being one, and for
the purpose of defrauding his creditors, the plaintiff being one,
he, the said John Jacob Spinner, caused the deed of convey-
ance of said land to be made to his wife, the said Rosina Spin-
ner, she knowing and consenting to receive such conveyance.
Plaintiff further says, that said John J. Spinner entered into
possession of said premises, and has ever since possessed and

occupied the same as his own; and that the consideration money for the purchase of the same lands was wholly the money of him, the said John Jacob Spinner, he having before that sold lands of his own in Ohio, and with the proceeds of that sale paid for, in part, said lands above described. Plaintiff says said judgment was rendered on a contract and debt of said John Jacob Spinner prior to said conveyance to his said wife, and that the said plaintiff has levied on said lands by virtue of execution on this judgment, but has not offered the same for sale, and said judgment is still unpaid.

" Plaintiff asks the court to award process against said defendants, and the facts above alleged being found to be true, to order and decree that said conveyance to said Rosina as to said plaintiff is fraudulent and void, and said land subject to sale on said execution, and that the same or enough to pay plaintiff's judgment be sold to pay said judgment and costs.

" Plaintiff further states that said John J. Spinner has no goods and chattels, and no other lands subject to execution on said judgment.

" Plaintiff prays for the above special and for other and general relief as the court may deem proper."

To this complaint, Rosina, the wife, demurred, because it did not state facts sufficient to constitute a cause of action against her. This demurrer was overruled, and this ruling alone is assigned for error.

We think the complaint was good, not because it charges her with a knowledge of the fraud of her husband, but because it explicitly shows that she paid nothing for the lands, and that the whole price and consideration for them was paid by her husband. *Mendenhall* v. *Treadway,* 44 Ind. 131.

The judgment is affirmed, at the costs of the appellants.