No. 7812.

## SPAULDING ET AL. *v.* BLYTHE.

FRAUDULENT CONVEYANCE.— *Volunteer.*—A voluntary conveyance, made by a debtor who has no other property subject to execution, except that conveyed, is fraudulent as to creditors.

SAME.— *Pleading.—Complaint.— Notice.— Consideration.— Case Distinguished.*—In a complaint to set aside a fraudulent conveyance, made without consideration, it is not necessary to allege that the grantee had notice of the fraudulent purpose of the grantor. *Spaulding* v. *Myers,* 66 Ind. 264, distinguished.

SAME.—In such case, even though the conveyance was without consideration, the complaint must allege that, at the time, the grantor did not have sufficient other property, subject to execution, to satisfy the claims of creditors.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellants.

ELLIOTT, J.—This appeal brings before us the question of the sufficiency of appellee's complaint.

The complaint seeks to set aside certain conveyances which are alleged to have been made to defraud creditors. Two conveyances are attacked as fraudulent. The first of these was executed on the 30th day of July, 1873, by John Spaulding and his wife, Ella Spaulding, to Henry S. Barnaby; the second was executed on the —— day of ———, 1874, by said Henry S. Barnaby and his wife, Eliza S. Barnaby, to Ella Spaulding and her children.

It is alleged that the first conveyance was executed without consideration, and that said John Spaulding did not have any other property subject to execution. It was not necessary to allege that the grantee had notice of the fraudulent purpose of the grantor; for it sufficiently appears that the conveyance was without consideration, and the grantee a mere volunteer. It has long been firmly settled that a voluntary conveyance, made by a debtor who has no other property subject to execution except that conveyed, is fraudulent as to creditors. *O'Brien* v. *Coulter,* 2 Blackf. 421 ; *Palmer* v. *Henderson,* 20 Ind. 297 ; *Clark* v. *Cham-*

*berlain*, 13 Allen, 257 ; *Newman* v. *Cordell*, 43 Barb. 448 ;
Bump Fraud. Convey. 197.

Judge STORY thus states the rule, borrowed from the civil
law by the common law and the courts of chancery :
"Hence, all voluntary dispositions, made by debtors, upon
the score of liberality, were revocable, whether the donee
knew of the prejudice intended to the creditors or not." 1
Story Eq. Juris., secs. 351, 353, 355. It is true, that, in
*Spaulding* v. *Myers*, 64 Ind. 264, it was held that a complaint,
alleging exactly the same facts as those stated in the present,
was bad, because it did not aver notice to the grantee, but
it is evident that the allegation, that there was no consider-
ation for the conveyance, was not brought to the attention
of the court. That case was not very fully argued ; there
was, as here, no brief at all from the appellee.

In *Spaulding* v. *Myers, supra*, the complaint was, except as
to parties, precisely like the one under examination, and it was
held bad because it did not show that, at the time the second
conveyance was made, the debtor who executed the first of
the two conveyances had no property subject to execution ;
and we think this ruling was correct. If there was property
of the debtor, which the creditor could have reached by ordi-
nary legal process, and out of it have secured payment of
his debt, there was no reason for wresting this particular
property from the grantees in the second conveyance.
Before resorting to property conveyed to grantees, even
though without consideration, that of the grantor, then
subject to execution, ought first to be exhausted. We hold
the complaint bad, not because it failed to aver notice on
the part of the grantees of the grantor's fraudulent design,
but because it is not shown that when the grantees now
claiming title received a conveyance, the grantor did not
have other property, subject to execution, sufficient to have
satisfied the claims of creditors.

Judgment reversed.