McCole *et al. v.* Loehr *et al.*

---

No. 6294.

## McCole et al. *v.* Loehr et al.

Fraudulent Conveyance.—*Complaint.*—A complaint to set aside a conveyance, on the ground that it was made to defraud creditors, which does not show that the grantor, when the conveyance was made and when the suit was brought, had not other property subject to execution, out of which his debts might have been satisfied, is bad on demurrer.

Same.—*Husband and Wife.—Notice.*—When the grantee pays nothing, though she be the grantor's wife, it is immaterial whether she had notice of his fraudulent intent or not.

Practice.—*Costs.—Supreme Court.*—Where the appellant was plaintiff below, and upon a cross error it is held that the court below erred in overruling a demurrer to his complaint for want of sufficient facts, the Supreme Court will reverse and remand the cause at his costs, unless it

appears that the complaint can not be made good by amendment. NIB-LACK, J., dissenting.

INSTRUCTION.—*Jury.*—A jury can not select from contradictory instructions, those which correctly express the law.

From the Hamilton Circuit Court.

*D. Moss, T. J. Kane* and *T. P. Davis*, for appellants.
*M. A. Chipman* and *H. C. Ryan*, for appellees.

ELLIOTT, C. J.—The complaint of the appellees charges, that a deed and mortgage executed by Jacob C. Loehr, in his lifetime, were made with the intent to cheat and defraud his creditors, and asks to have them set aside and the property subjected to sale for the payment of his debt. The complaint is bad. A material allegation is lacking. It is not alleged, that at the time the conveyances were made the grantor did not have other property subject to execution, out of which the claims of creditors could have been satisfied. It is well settled, that a complaint to set aside a conveyance as fraudulent must affirmatively show that the debtor did not have other property subject to execution at the time the conveyance was made. *Spaulding* v. *Blythe*, 73 Ind. 93 ; *Noble* v. *Hines*, 72 Ind. 12 ; *Pfeifer* v. *Snyder*, 72 Ind. 78 ; *Hardy* v. *Mitchell*, 67 Ind. 485. It is also necessary to aver that the debtor did not have property other than that conveyed at the time the suit to set aside the conveyance was instituted. *Bruker* v. *Kelsey*, 72 Ind. 51 ; *Sherman* v. *Hogland*, 73 Ind. 472. Where property remains in the hands of the debtor, which can be reached by process of law, there is no reason for setting aside conveyances made by him. Before resorting to such a proceeding, property in the hands of the debtor should be first exhausted.

The allegation, that the debtor was in embarrassed and failing circumstances, is not equivalent to an averment that he did not possess property other than that conveyed, out of which the claims of creditors could have been made. It may be true that the debtor was financially embarrassed, and yet be the owner of property out of which the claims of creditors could have been satisfied.

The allegation, that the grantor died notoriously insolvent, does not make the complaint sufficient. The character of a transaction is to be determined by the circumstances surrounding the parties at the time it took place. The validity of a conveyance does not depend upon subsequent events. The question in such cases is the financial condition of the grantor at the time, for, if then solvent, his subsequent insolvency will not invalidate the conveyance. *Sherman* v. *Hogland,* 54 Ind. 578; *Whitesel* v. *Hiney,* 62 Ind. 168.

The appellees' cross error is well assigned. The court erred in overruling the demurrer to the complaint.

The tenth instruction given by the court reads thus: " But even if you believe that said Jacob B. Loehr intended to defraud his creditors at the time of making said conveyance, still you should not find for the plaintiffs unless the defendant Julia C. Loehr had a knowledge of such fraudulent intent on the part of her husband, whether she paid any valuable consideration for such property or not." This instruction is radically wrong. Where the conveyance is purely voluntary, and the grantor has not other property out of which the claims of creditors can be satisfied, it may be set aside as fraudulent against those to whom the grantor is at the time indebted. A man can not make gifts of his property, and thus take it from his creditors. *Spaulding* v. *Blythe, supra; Sherman* v. *Hogland,* 73 Ind. 472; *Wynne* v. *Cornelison,* 52 Ind. 312; *McCormick* v. *Hyatt,* 33 Ind. 546.

It is insisted that other instructions were given, which cured the error contained in that under immediate mention. Contradictory instructions were given, and it was impossible for the jury to ascertain what rule of law the court intended to lay down for their guidance. It is not for the jury to select from contradictory instructions those which correctly express the law. It is the duty of the court to state the rules of law without confusion or contradiction. Where an erroneous instruction is clearly and fully withdrawn, no harm results, but where it is simply contradicted by another instruction, it is otherwise.

McCole *et al. v.* Loehr *et al.*

The judgment must be reversed. A reversal, however, will not authorize a judgment upon the appellants' complaint. No cause of action is stated. Until an amendment has been made, there is no complaint upon which a judgment can be supported. The fundamental error in this case was that committed in overruling the demurrer to the complaint. It is just, therefore, that the appellants should pay all costs back to the first error, as well those of this appeal as those in the trial court. As there was no cause of action stated, the appellants were not entitled to any relief whatever. Another and different complaint is required, or their action must fail. It is not just to tax the appellees with any costs in a case where there never was any cause of action alleged against them, and as much as the appellants can reasonably ask is to be allowed the privilege of amending their complaint at the expense of the costs in the trial and appellate courts. If we should adopt the rule that where the appellant's complaint is found to be bad, the judgment will be affirmed without allowing him an opportunity to amend, we should be doing that which in many cases might result in a denial of justice. A complaint lacking such allegations as demand, notice, that the claim is unpaid, or the like, is in many cases bad on demurrer, and yet these defects are remediable by amendment. To deny an opportunity to amend would, in many cases, be to sacrifice substantial rights. We think that the better practice in such cases is to adjudge costs against the appellant and allow him an opportunity to make good, if he can, his complaint by amendment. If he has a cause of action, he ought to be allowed to enforce it. If he is driven to a new action, the statute of limitations might often defeat him. No substantial injury is done the appellee by this rule. If he is really in the wrong, he can not justly complain, because the appellant is given an opportunity to vindicate his rights. As the costs go against the appellant, the appellee loses nothing. The rule here declared is substantially the same as that laid down by the Supreme Court of the United

States in the case of *Goodman* v. *Niblack*, 102 U. S. 556. In
*Robertson* v. *Cease*, 97 U. S: 646, the same court recognize the
rule, that, where it appears that a complaint or declaration
may be made good by amendment, it is proper to remand with
leave to amend. In Buskirk's Practice, a different rule is
stated, and several cases are cited. Buskirk's Pr. 119. We
have carefully examined the cases relied upon by the author,,
but find in them nothing lending the slightest support to the
text. It is undoubtedly true that there may be cases where
the court can readily perceive that no amendment can be made
which will cure the defect in the complaint, and it was prob-
ably that class of cases which the author had in mind when
he wrote. His language is: " If the court below possessed
no jurisdiction of the subject of the action, or if the plain-
tiff is seeking to enforce a remedy given by a statute
which is unconstitutional, or if, for any cause, it appears of
record that the plaintiff has no right to recover, in such cases
the court would not reverse the judgment, if there was a
cross assignment of errors; for there would be nothing to
re-try in the court below." We regard this statement as
correct in so far as concerns the class of cases specially named ;.
but we think the general statement, "if for any cause it.
appears of record that the plaintiff is not entitled to re-
cover," the judgment will not be reversed, is too broad. In
every case of a defective complaint it does appear that there is
no right of recovery. If it appear otherwise, then a demurrer
should be overruled, for, if a complaint is sufficient to show a
right to recover, demurrer will not lie. *Teal* v. *Spangler*, 72
Ind. 380 ; *Bayless* v. *Glenn*, 72 Ind. 5. We think the true rule
is to remand the case, so as to afford an opportunity to amend in
all cases where it does not appear that no amendment can make
the complaint good. In cases where it appears that amend-
ment will not make a good complaint, there ought to be an
affirmance, for it would be useless to remand the cause. Where,
however, it appears that there may be an amendment which
will make the complaint state a cause of action, the proced-

ure most likely to secure substantial justice is to remand at the appellant's costs. This is, as we think, in harmony with the spirit of our code. This course enables the appellant to make good ·his cause if he can, and denies to the appellees no substantial rights. It leaves the way open for all defences; it cuts off none. If the statute of limitation precludes an amendment, or, if for any cause an amendment is improper or can not be made, the appellee may avail himself of his right to prevent one from being made. In short, by remanding, the case goes back to the trial court, where the rights of the litigants can be fully considered and adjudicated.

Judgment reversed, with instructions to tax all costs in this court, and in the trial court back to the filing of the complaint, against the appellants, and for further proceedings in accordance with this opinion.

NIBLACK, J., dissents upon the ground that, as the complaint was insufficient to have supported a judgment in case one had been rendered upon it, in favor of the appellant, no substantial injury was done to the appellant by erroneous rulings against him at the trial, and that consequently the appellant has no cause to complain that he was not permitted to obtain judgment upon his complaint.