Barkley *et al. v.* Tapp.

## No. 8954.

## BARKLEY ET AL. *v.* TAPP.

CIRCUIT COURTS.—*Jurisdiction.*—Circuit Courts are superior courts of general jurisdiction, and as such have jurisdiction of actions to set aside fraudulent conveyances.

APPEARANCE.—*Effect of.*—A party who makes a full appearance to an action can not afterwards contest the sufficiency of the notice or summons.

PRACTICE.—*Amendment of Proof of Publication.*—The court may permit an amendment of the proof of publication while the proceedings are *in fieri,* so as to make it conform to the truth.

PARTNERSHIP.—*Purchase of Lands with Partnership Funds.*—A partner who purchases lands with partnership funds, and takes title in his own name, may be charged as a trustee of the firm.

SAME.—*Fraudulent Conveyance.*—A partner may have a conveyance set aside when made by his co-partner for the purpose of fraudulently evading payment of a debt arising out of the partnership business, and where the grantee pays no consideration.

SAME.—*Dissolution.*—The sale by one partner of his interest works a dissolution of the partnership.

SAME.—*Right of Partner to whom a Balance is Owing.*—A partner, to whom a balance is owing on account of partnership business, is, in cases where there has been a dissolution by sale of his interest, a general creditor, and as such he may maintain an action to set aside a fraudulent conveyance, but he has no specific lien on land purchased by the former partner with the goods of the former partnership which passed to him by the sale.

FRAUDULENT CONVEYANCE.—*Volunteer.*—*Notice.*—Where no consideration is paid, it is not necessary that the grantee should have notice of the grantor's fraudulent intent.

SAME.—*Copy of Deed.*—*Pleading.*—It is not necessary to set out a copy of the deed alleged to have been fraudulently executed.

SAME.—*Test of Financial Condition when the Conveyance was Executed.*—The financial condition of the grantor at the time of the execution of the conveyance is to be considered in determining its character, and, as a general rule, it is not affected by subsequent insolvency.

EVIDENCE.—*Admissions of Confederates.*—Admissions of one of several confederates made in execution of a common purpose, and before its accomplishment, are competent against all.

SPECIAL FINDING.—A finding not requested by the parties is not a special finding.

From the Hendricks Circuit Court.

*L. J. Coppage,* for appellants.

*J. F. Harney,* for appellee.

Barkley *et al. v.* Tapp.

ELLIOTT, J.—This is an action by the appellee to settle partnership accounts between him and William E. Barkley, to recover the amount due upon settlement, and to set aside as fraudulent a conveyance of land made to George W. Barkley. Counsel presents, *in limine,* two questions which need but little more consideration than that involved in their mere statement. It is said that the Hendricks Circuit Court had no jurisdiction of the subject-matter of the action. We can not conceive it possible that any one should seriously doubt that a court of general superior jurisdiction, possessing both chancery and law jurisdiction, should not have plenary power to hear and determine such a case as this. The counsel also says that the notice to his client was insufficient, and that, therefore, the court did not acquire jurisdiction of the person. There was a full appearance, and, of course, it is entirely immaterial whether there was a sufficient notice ; indeed, it is not necessary that it should affirmatively appear that there was any notice at all.

It is said, however, that one of the defendants did not appear, and that he may contest the question of the sufficiency of the notice. We do not think this defendant can justly be regarded as an appellant, but, waiving that question, we have looked into the record and have concluded that the notice, which was in the usual form, is sufficient. It is complained that the court permitted the proof of notice to be amended after default. We think the amendment was one which the court had a right, while the proceedings were *in fieri,* to allow. It was necessary, in order to make the truth appear, that the amendment should be made, and there was no error in permitting the proof to be so amended as to show the true date of publication. Ministerial officers are permitted to amend their returns so as to make them express the truth, and there is no reason why this rule should not apply to proof of notices of publication. It is not alleged in appellants' affidavit that the change in the figures in the proof were not made in accordance with the truth.

The appellee's complaint shows that he and William Barkley were in partnership; that, after dissolution and upon settlement, there was due him $1,000; that William Barkley and his father, George W. Barkley, confederated together for the purpose of defrauding the appellee; that, pursuant to their fraudulent scheme, William bought land with the property of the partnership; that he caused the conveyance to be made to appellant for the purpose of cheating and defrauding appellee, and that the former paid no consideration whatever for the conveyance; that the said William Barkley had at the time no other property subject to execution, and was insolvent when the action was commenced.

The complaint states a cause of action. The appellee was at least a general creditor of the fraudulent purchaser, William Barkley, and had a right to subject the property fraudulently conveyed to seizure and sale upon execution. If one partner pays more than his share of the partnership debts, he becomes a creditor of his co-partner, and is entitled to maintain an action to set aside a fraudulent conveyance.

A voluntary purchaser can not hold lands as against the creditors of one who procures a conveyance to be fraudulently made. Where no consideration is paid by the grantee, the conveyance may be set aside although he had no notice of the fraudulent purpose of the grantor. *Spaulding* v. *Blythe*, 73 Ind. 93.

It is not necessary to set forth in a complaint to set aside a fraudulent conveyance a copy of the deed, for the action is not founded upon it. *Stout* v. *Stout*, 77 Ind. 537.

Where a partner wrongfully uses the money of a partnership in the purchase of property, he holds the property as the trustee of the firm.

All the matters pleaded in the second paragraph of the answer were admissible under the general denial, and as that was pleaded, there was no available error in sustaining the demurrer to the second, even if it were conceded to be sufficient.

The third and fourth paragraphs of the answers, so far as

they contain any material matter at all, are embraced by the general denial, and there was, consequently, no error in sustaining the demurrers to them.

Admissions made by William Barkley were admitted in evidence, and of this complaint is made.   These admissions were certainly competent as against the defendant who made them, and for that reason alone the court did right in overruling the general objection made by the appellant.   But the admissions were competent upon another ground.   Where parties confederate together to effect an unlawful or fraudulent purpose, the declarations of one of the confederates, made before the purpose is accomplished, are admissible against all. There was evidence tending to show a confederation, and the admissions of the fraudulent purchaser were properly allowed to go in evidence.

Many of the questions discussed by counsel are not properly saved, for the reason that no objections were stated to the trial court.   The rule is that objections must be stated on the trial and appear on appeal in the bill of exceptions.

The finding of the court below can not be regarded as anything more than a mere general finding, for the reason that it does not appear to have been made upon the request of either party.   *Kyser* v. *Wells,* 60 Ind. 261.

The finding of the court can not be sustained, upon the ground that the conveyance of the son to the father was a voluntary one, and made for a fraudulent purpose, because there is no evidence showing that at the time it was made the grantor was insolvent.   It is settled that the character of a conveyance must be determined from the financial condition of the grantor at the time it was executed, and that subsequent insolvency will not give it a fraudulent character.   *Rose* v. *Coulter,* 76 Ind. 590; *Evans* v. *Hamilton,* 56 Ind. 34; *Sherman* v. *Hogland,* 54 Ind. 578; *Pence* v. *Croan,* 51 Ind. 336.

If the finding can be sustained, it must be upon the ground that the rights of the appellee, as partner, gave him an equitable interest in the property purchased by the son and con-

veyed to the father. The evidence fully warrants the conclusion that the grantee paid nothing for the property, and he may, for the purposes of this appeal, be considered not as a *bona fide* purchaser, but as a mere volunteer. If, then, the appellee had an equitable interest in the land, it was not divested by the conveyance to George W. Barkley. It appears from the evidence that the appellee and William E. Barkley had been in partnership; that in April, 1878, the former sold his interest in the partnership stock of goods to one Daniel Thompson, and took the notes and accounts to collect; that some time afterwards William traded his interest in the goods to Maintree Pennington for the land in controversy, and caused the conveyance to be made to his father. We think that the appellee did not, at the time of the sale to Pennington, have any lien upon the interest of his former partner, and that he was merely a general creditor for the balance owing him. By the sale of his interest to Thompson, he put an end to the partnership, and his vendee and Barkley then became, as partners, the owners of the goods of the former partnership. In *Dimon* v. *Hazard*, 32 N. Y. 65, it was said: " When one of two partners retires from business, relinquishing to the other all his interest in the partnership property, the remaining partner has the same dominion over it as if it had always been his own separate property." *Howe* v. *Lawrence*, 9 Cush. 553; Story Part., sec. 358; Collyer Part. 174. This rule must apply as against a partner who sells to a stranger and permits a new firm to be formed. In selling his interest the retiring partner stripped himself of the character which gave him a right to an equitable lien, and can not claim that, when his former partner uses the interest which was left in him in purchasing lands, he is using partnership money. In other words, one who first sells all his interest has no right to claim that property which his former partner subsequently buys with the interest left in him is purchased with partnership funds, and therefore held in trust for the former partnership.

Judgment reversed, with instructions to grant a new trial.