McAninch *et al. v.* Dennis.

Filed March 19, 1890.

No. 13,939.

## McAninch et al. *v.* Dennis.

FRAUDULENT CONVEYANCE.— *Voluntary Conveyance Without Consideration.— Fraud.—Allegation of.*—It is not necessary in an action to set aside a fraudulent conveyance to allege fraud, or the knowledge of fraud, on the part of a person taking a voluntary conveyance without a consideration.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*S. H. Doyal* and *P. W. Gard,* for appellee.

OLDS, J.—This was an action brought by the appellee against the appellants to set aside two conveyances of real estate, one by John McAninch and his wife Martha to Valentine S. McAninch, and one by Valentine S. McAninch and his wife Angie H. to said Martha A. McAninch, and to subject the said real estate so conveyed to execution and sale to satisfy a judgment obtained by the appellee against John McAninch and Milton A. McAninch.

The complaint alleges that said conveyances were made without any consideration whatever ; that, on March 17th,

1883, one of the defendants, John McAninch, together with one Milton A. McAninch, became indebted to plaintiff by their note of that date in the sum of $100, due in twelve months, payable without relief from valuation or appraisement laws, with eight per cent. interest and attorney's fees; that, on the 20th day of February, 1886, the plaintiff recovered a judgment on said note in the Clinton Circuit Court against the defendant John McAninch, and Milton A. McAninch for the sum of $133 and costs, amounting to $150.80, which judgment is in full force and wholly unpaid and unsatisfied; that, on the 1st day of October, 1885, the defendant John McAninch was the owner in fee of the following real estate, describing it, and on said day said defendant John, for the purpose and with the intent to hinder, delay and defraud his creditors, and especially this plaintiff, conveyed said property by warranty deed to his co-defendant, Valentine S. McAninch, for the colorable consideration of $3,000, but for no actual consideration whatever; that said Valentine S. McAninch, on the 28th day of November, 1885, his wife Angie H. McAninch joining him, conveyed said real estate to the defendant Martha A. McAninch, the wife of John McAninch, for the colorable consideration of $3,000 but for no actual consideration whatever; that said Milton A. McAninch, one of the makers of said note upon which judgment was rendered, is, and ever since said note became due has been, insolvent, and has had no property subject to execution out of which said judgment could be paid, and he has paid no part of said judgment; that defendant John McAninch had not at the time either of said conveyances was made, nor has he since had, nor has he now, sufficient other property subject to execution to pay his debts, or this judgment, or any part thereof.

Demurrers were filed to this complaint by the defendants separately, and overruled, and such rulings are assigned as error.

The objections urged to the complaint by counsel for

McAninch *et al.* v. Dennis.

appellants are, that it does not allege that either Valentine or Martha McAninch, at the time of the conveyances, had any knowledge of the existence of John McAninch's indebtedness to the plaintiff, or of his fraudulent intent, or that Valentine conveyed to Martha with any fraudulent intent, or that Martha had any knowledge of the source of Valentine's title.

These objections are not tenable. The complaint alleges the total insolvency of Milton McAninch at the maturity of the note, and at all times subsequent thereto; also that at the date of the conveyances, and at all times subsequent thereto, the defendant John McAninch had no property subject to execution except the real estate conveyed, and that he conveyed the real estate to hinder, delay and defraud the plaintiff and his other creditors; that neither Valentine McAninch, nor Martha, the wife of John McAninch, paid any consideration; that the conveyances were both without any consideration whatever.

It is shown by the complaint that John McAninch, being insolvent, and having no property subject to execution aside from the real estate, fraudulently conveyed the same to Valentine, and Valentine and wife conveyed the same back to Martha, the wife of John, both conveyances being without any consideration whatever.

It is not necessary to allege fraud, or the knowledge of the fraud, on the part of the person taking a voluntary conveyance without consideration. This doctrine is well settled by the decisions of this court. *Spaulding* v. *Blythe*, 73 Ind. 93; *Meredith* v. *Citizens Nat'l Bank*, 92 Ind. 343; *McCole* v. *Loehr*, 79 Ind. 430; *Barkley* v. *Tapp*, 87 Ind. 25; *Bishop* v. *State, ex rel.*, 83 Ind. 67.

The further question is discussed as to the sufficiency of the evidence to support the finding and decision of the court, which is presented by the motion for a new trial, and the overruling of the motion assigned as error.

We have looked into the evidence and find it is sufficient to support the finding.

There is no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Nov. 23, 1889; petition for a rehearing overruled March 19, 1890.