Roberts *v*. The Farmers' and Merchants' Bank of Attica, Ind., *et al*.

Filed Jan. 9, 1894.

———————◆———————

No. 16,436.

ROBERTS *v*. THE FARMERS' AND MERCHANTS' BANK OF ATTICA,. IND., ET AL.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Sufficiency of Complaint.—Husband and Wife.—Debtor and Creditor.*—In an action to set aside as fraudulent certain conveyances of real estate and to subject such lands to judgments in favor of the plaintiffs, a paragraph of complaint was sufficient, which showed that the conveyances were made to A. for the colorable consideration of $8,250, but in fact for no consideration, and in pursuance of an agreement between all the parties to the deed, A., on the same day, conveyed the same lands to his grantor's wife for the colorable consideration of $8,250, but in fact for no consideration, all for the purpose and with the in-

Roberts *v.* The Farmers' and Merchants' Bank of Attica, Ind., *et al.*

tent to hinder, delay, and defraud the creditors of the first-named grantor, including the plaintiffs, such grantor not having at the time, nor has he since had, nor has he now sufficient property subject to execution to pay his debts or any part thereof.

SAME.—*Action to Set Aside.—Sufficiency of Complaint.—Husband and Wife.—Debtor and Creditor.*—In such case, a second paragraph of complaint was sufficient, which was, in substance, the same as above, except that no statement is made as to any consideration named in the deeds, but it is alleged, in addition, that at the time the deed was made to A., he had full knowledge of the fraudulent intent of the grantor, and that at the time A. made the deed for the same to the grantor's wife, she had full knowledge of the fraudulent intent of her husband, and also had knowledge of such intent when he conveyed the lands to A.

SAME.—*When Will be Set Aside.— Husband and Wife.—Equities.*— Where, in fraud of creditors, a husband conveys lands to his wife, without consideration, then, although she may not be actually a party to the fraud, she is affected by all the equities which might be enforced against her husband, and the conveyance will be set aside; and where the wife is a party to the fraud, with full notice thereof, the conveyance will be set aside, even if there be a valuable consideration.

JUDICIAL NOTICE.—*Days of Week.*—The court takes judicial notice of the days of the week.

BILL OF EXCEPTIONS.—*Presenting and Signing on Sunday.—When Unlawful.*—Where no emergency is disclosed, nor necessity shown, for presenting and signing a bill of exceptions on Sunday, such act is unlawful.

From the Fountain Circuit Court.

*C. M. McCabe* and *J. Bingham,* for appellant.

*A. Schoonover, I. E. Schoonover, L. Nebeker, D. W. Simms* and *H. H. Dochterman,* for appellees.

HOWARD, C. J.—This was an action brought by the appellees against the appellant and her husband, Joseph H. Roberts, and others, to set aside as fraudulent certain conveyances of real estate, and to subject the land so attempted to be conveyed to judgments in favor of appellees. Three causes of action were consolidated, each seeking the same relief from appellant and her codefendants.

A demurrer was filed and overruled to the complaint of the appellee William C. Smith, and also to that of the appellee Sarah M. Nelson.     Each of the three complaints was answered by a general denial.

At the April term, 1890, of the Fountain Circuit Court, the appellant and her codefendants filed their motion and affidavit for a change of venue from the court and county, which was granted, and the cause sent to Warren county.

The change from the county was never perfected, but the honorable judge below was called to try the cause, which was continued until the September term, 1890, when it was again continued.   At the November term, 1890, the cause was again continued.

At the February term, 1891, a judgment was entered against appellant and her codefendants for the costs accrued in the case up to the time of their failure to pay the costs for the change of venue to Warren county, as provided by the statute (§ 417, R. S. 1894, § 413, R. S. 1881).   At the same term, on the day set for trial, the appellant and her codefendants filed their motion for a continuance, which was granted.

At the April term, 1891, on the 29th day of April, the cause was set for trial on the 19th day of May.

On the 19th day of May, 1891, after the cause was called for trial, the appellant and her codefendant Joseph H. Roberts filed a motion and affidavit for continuance. This motion was overruled.

The cause was thereupon submitted to the court for trial.   There was a finding and decree in favor of the appellees.

On the overruling of a motion for a new trial, this appeal was prayed, and sixty days were given for a bill of exceptions and bond.

On July 12, 1891, which was Sunday, the bill of exceptions was presented to the judge and signed by him. On July 13, the bill was filed with the clerk, and on July 16 the bond was filed, all within the time allowed. Mary A. Roberts alone has assigned errors in the record.

Nine such errors are assigned, but the questions discussed by counsel relate only to the sufficiency of the complaint and to the overruling by the court of the last motion for a continuance.

The several complaints, which were substantially alike, and which were consolidated, consisted each of two paragraphs.

In the first paragraph it was alleged that the appellees had recovered judgments, amounting to upwards of $6,000, against Joseph H. Roberts, husband of appellant, upon notes executed by him prior to May 18, 1889, which judgments, at the time of the commencement of the action, were in full force and effect, and entirely unsatisfied; that on said 18th day of May, 1889, Joseph H. Roberts was the owner of certain described real estate, situate in Fountain county, Indiana; that on said day the said Joseph H. Roberts, for the purpose and with the intent to hinder, delay and defraud his creditors, including the appellees, out of their debts, and to prevent the collection of the same, conveyed said real estate, by warranty deed, to one William M. Remington for the colorable consideration of $8,250, but, in fact, for no consideration whatever, but in pursuance of an agreement by and between all the parties to said deed that the said Remington should convey the said land to the appellant, who was then and is now the wife of the said Joseph H. Roberts; that on said 18th day of May, 1889, in pursuance of said agreement, the said Remington did convey said real estate, by warranty deed, to appellant, for the

colorable consideration of $8,250, but, in fact, for no consideration whatsoever; that Joseph H. Roberts had not, at the time said conveyances were made, nor has he since had, nor has he now, sufficient other property subject to execution to pay his debts or any part thereof.

Asking that the conveyance be set aside and declared null and void, and that the property be subjected to appellees' judgments, etc.

In the second paragraph, the same allegations are made, except that no statement is made as to any consideration named in the deeds; but it is alleged, in addition, that at the time the deed was made to Remington, he had full knowledge of the fraudulent intent of Joseph H. Roberts in making the same, and that at the time the deed was made to appellant by Remington she had full notice and knowledge of the fraudulent intent of Joseph H. Roberts, and that she also had knowledge of the fraudulent intent of Joseph H. Roberts at the time said deed was made by him to Remington.

Counsel for appellant, in their contention against the sufficiency of the first paragraph of the complaint, say that though it is alleged that she paid no consideration for the deed to her, yet if some one else paid the consideration, the conveyance would withstand the attack made against it. The first paragraph of the complaint, however, says expressly that the deed to appellant was made "for the colorable consideration of $8,250, but, in fact, for no consideration whatever." The deed to Remington was also without consideration; and he, while a participant in the fraud, was simply a trustee to convey to appellant. In such case, the trustee takes no title, but the transaction is the same as if the conveyance had been made direct from the first grantor to the ultimate grantee. R. S. 1881, section 2981; *Myers* v. *Jackson*, 135 Ind. 136.

But it has been frequently held by this court that where, in fraud of creditors, a conveyance is made to a wife without consideration, then, although she may not be actually a party to the fraud of her husband, yet she is affected by all the equities which might be enforced against him, and the conveyance will be set aside. *Mendenhall* v. *Treadway*, 44 Ind. 131; *Spinner* v. *Weick*, 50 Ind. 213; *Spaulding* v. *Blythe,* 73 Ind. 93; *McAninch* v. *Dennis*, 123 Ind. 21.

As to the second paragraph, it is contended that it does not show by its allegations that the transactions sought to be avoided were not in good faith; that for aught that appears the conveyance might have been made in satisfaction of a prior *bona fide* indebtedness from the grantor to appellant. The second paragraph, however, not only alleges that the conveyances were made to defraud creditors, but alleges that appellant was a party to that fraud, with full notice and knowledge. In such case, the conveyance is clearly fraudulent, and will be set aside, even if there be valuable consideration. R. S. 1881, sections 4920, 4921, 4922, 4923; *Bishop* v. *Redmond*, 83 Ind. 157; *Seivers* v. *Dickover*, 101 Ind. 495; Wait Fraud. Conveyances, sections 192, 193.

Both paragraphs of the complaints were good.

As to the alleged error of the court in overruling appellant's last motion for a continuance, it may be still said, as it was by DEWEY, J., in *Pine* v. *Pro*, 6 Blackf. 426, that ''The propriety of refusing or granting continuances depends so much upon the discretion of the court to whom the motion is made, that it must be a very strong case which would induce this court to revise a decision on that subject.''

In this case the cause had been continued from term to term for over a year; a change of venue had been once taken, but not perfected, and for so clear a case it

must be admitted that the delay was unusual, and without cause, so far as the record discloses, until the filing of this affidavit. The affidavit shows sickness of the appellant from the 10th of April. The affidavit was presented on May 19th, after the case was called for trial. As that day was fixed for the trial on April 29th, there seems no sufficient reason why notice of the sickness should not have been given on April 29th, or why appellant's deposition should not have been taken during the three weeks from April 29th to May 19th. Appellant's husband was her codefendant, and was present at the trial, and the affidavit discloses no evidence that he could not give as well as she.

But whether there was in fact any want of discretion by the court in refusing a continuance as asked, we need not decide, for we do not think that the affidavit for a continuance is in the record. The bill of exceptions containing the affidavit closes with this statement: "And now the defendants bring this, their bill of exceptions number one, and ask that the same be signed, sealed and made a part of the record in said cause, which is accordingly done, this 12th day of July, 1891," followed by the judge's signature.

This court judicially knows that the 12th day of July, 1891, was Sunday. *Chrisman* v. *Tuttle*, 59 Ind. 155; *Swales* v. *Grubbs*, 126 Ind. 106.

. A work of necessity, done on Sunday, is not unlawful. In this case it does not seem that the presentation and signing of the bill of exceptions was necessary on that day. The sixty days allowed by the court for this purpose would not expire until July 18, six days after the day on which the bill was presented and signed; and no emergency is disclosed in the record which would show the necessity of presenting and signing the bill of exceptions on Sunday. Whether a bill of exceptions might,

in any case, be presented and signed on Sunday, we need not decide. In this case the act was unlawful. *Link* v. *Clemmens*, 7 Blackf. 479; *Reynolds* v. *Stevenson*, 4 Ind. 619; *Shaw* v. *Williams*, 87 Ind. 158; *Butler* v. *Kelsey*, 15 Johns. 177; *Field* v. *Park*, 20 Johns. 140; *Chesapeake, etc., Co.* v. *Bradley*, 4 Cranch C. C. 193; *Moore* v. *Hagan*, 2 Duv. (Ky.) 437; *Anderson* v. *Birce*, 3 Mich. 280; *Peck* v. *Cavell*, 16 Mich. 8.

We have found no available error in the record.

The judgment is affirmed.

McCABE, J., took no part in the decision of this cause.

Filed Jan. 10, 1894.